## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BACK YARD BURGERS, INC., *et al.*[1] | Case No. 12-12882 (PJW) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF TRAVIS KONEMANN IN SUPPORT OF THE DEBTORS'
REQUEST FOR AN ORDER CONFIRMING THE DEBTORS' MODIFIED FIRST
AMENDED JOINT PLAN OF REORGANIZATION FOR BACK YARD BURGERS,
INC., BYB PROPERTIES, INC., NASHVILLE BYB, LLC AND LITTLE ROCK BACK
YARD BURGERS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Travis Konemann, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of

perjury:

1.       I am the Director of Finance of Back Yard Burgers, Inc. ("**BYB**"), which, along

with BYB Properties, Inc. ("**BYBP**"), Nashville BYB, LLC ("**NBYB**") and Little Rock Back

Yard Burgers, Inc. ("**LRBYB**") which along with BYB, BYBP, and NBYB are the debtors and

debtors-in-possession (collectively, the "**Debtors**") in the above-captioned jointly administered

cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et*

*seq.* (the "**Bankruptcy Code**").  I have been employed as the Director of Finance of BYB since

August 2012.  My duties include responsibility for managing financial planning, providing

financial analysis, providing technical support and assist in managing the accounting and

financial planning of the Debtors, and in this capacity I am familiar with the Debtors' day-to-day

operations, business records and business affairs.

---

[1]     The Debtors in these chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, are: Back Yard Burgers, Inc. (7163), BYB Properties, Inc. (9046), Nashville BYB, LLC
(6507) and Little Rock Back Yard Burgers, Inc. (9133).   The mailing address of the Debtors is: St. Clouds
Building, 500 Church Street, Suite 200, Nashville, TN 37219.

2.     I submit this declaration in support of the *Debtors' Request for an Order Confirming the Debtors' Modified First Amended Joint Plan of Reorganization for Back Yard Burgers, Inc., BYB Properties, Inc., Nashville BYB, LLC and Little Rock Back Yard Burgers, Inc. Under Chapter 11 of the Bankruptcy Code* (the "**Motion**").

3.     Unless otherwise stated, the following facts are based upon my personal knowledge, upon information supplied to me by the Debtors' officers and directors, professionals and consultants and people who report to me on the Debtors' operations, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the Debtors' operations, financial condition and related business issues.  If I were called to testify, I could and would testify competently to the facts set forth herein.   I have been authorized by the Debtors' Board of Directors to execute this declaration on behalf of the Debtors.

A.  **Background of the Cases**

4.     On October 17, 2012 (the "**Petition Date**"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.     The Debtors have continued in possession of their properties and are operating and managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     No request has been made for the appointment of a trustee or examiner.  On November 2, 2012, the Official Committee of Unsecured Creditors (the "**Committee**") was appointed in these cases.

7.     The Debtors are an established quick-service restaurant chain with approximately 90 locations concentrated in the Southeast United States as of the Petition Date.  The Debtors operate company owned locations and maintain a franchise network of individually owned

restaurants which collectively employ approximately five hundred and twelve (512) employees. Back Yard Burgers began as a single restaurant in Cleveland, Mississippi in 1987, and today, the Debtors pride themselves on having a strong reputation for offering big and bold backyard tastes served straight from the grill at value prices. The Debtors compete for business by offering black-angus hamburgers and chicken grilled on-site on charcoal grills, providing savory flavors most usually found only in neighborhood back yards. Meal offerings include chicken sandwiches, turkey burgers, hot dogs, salads, sides, and desserts; however, the main focus of the menu is centered on the Debtors' premium Black Angus burgers.

8. BYBI was initially founded as a Mississippi corporation on December 17, 1986 as a local fast service restaurant. BYBI has been operating its Back Yard Burgers Restaurants and offering franchised Back Yard Burgers Restaurants (operated under franchise agreements with BYBI), since March 23, 1987. On January 1, 1991, BYBI became a Delaware corporation to oversee and manage the operations of Back Yard Burgers in Mississippi and other states in the southeastern region of the United States.

9. BYBP is a Delaware corporation incorporated on October 8, 1997 and holds the Debtors' intellectual property assets. BYBP does not operate any businesses. NBYB is a Tennessee limited liability company organized on November 15, 2010 to hold leases for two company locations. LRBYB is a Delaware corporation incorporated on October 1, 1993 to oversee and manage the Debtors' operations in Arkansas. In 2007 the equity of BBAC, LLC, which is the parent company of BYBI, was acquired by a group of investors led by Pharos. On the Petition Date, Pharos held approximately 78% of the equity of BBAC, LLC.

10. A more detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these cases, is fully set forth in the

*Declaration of James E. Boyd, Jr. in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed on the Petition Date and incorporated herein by reference.[2]

### B.  Development of the Plan

11.     Prior to the Petition Date, the Debtors and the Plan Support Parties engaged in extensive negotiations regarding the terms of the Debtors' restructuring.  To that end, the Debtors and the Plan Support Parties agreed on the material terms of the restructuring process, including the terms of the DIP Financing and the Plan, and entered into the Plan Support Agreement to memorialize their agreement upon such process.

12.     Since the Petition Date, the Debtors and the Plan Support Parties have engaged in negotiation with the Creditors' Committee over the terms of a revised Plan which would provide a recovery to Holders of General Unsecured Claims.

13.     The Plan is the product of these negotiations and each of the Plan Support Parties and the Committee supports the Plan.

### C. The Terms of the Plan

14.     The Plan contemplates, among other things, (a) the conversion of DIP Claims to New Capital Stock upon the Effective Date of the Plan, (b) the issuance of Restructured Senior Secured Notes to the Senior Secured Lender on behalf of its prepetition Senior Secured Claim and (c) a Distribution of Cash to Holders of General Unsecured Claims.  Through the Plan BYBP, NBYB, LRBYB are being dissolved and BYB will be the Reorganized Debtor.

15.     The Plan also provides for the assumption and rejection of certain executory contracts and unexpired leases.

---

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration or the Plan, as applicable.

16.     During the Chapter 11 Cases the Debtors, with the assistance of GA Keen, reviewed all of the Debtors' real property leases, renegotiated certain leases, determined in the exercise of their business judgment to reject certain leases and to assume certain other real property leases (in certain instances as modified) as set forth in the Plan Supplement.

17.     The Debtors further reviewed all of their executory contracts and unexpired leases and have determined in the exercise of their business judgment to reject certain executory contracts and unexpired leases, to assume certain other executory contracts and unexpired leases as set forth in the Plan Supplement.

18.     I have analyzed the Debtors' ability to fulfill their obligations under the Plan.  As part of this analysis, I assisted the Debtors in preparing the Projections, which address the Debtors' future financial performance.  The Projections are premised, among other things, on the economic, competitive, and general business conditions currently prevailing, as well as management's forecast of the Debtors' industry and future performance.

19.     It is my opinion that the Projections were prepared in a reasonable manner, using supportable assumptions and logically consistent computations.  I also believe that Projections constitute a fair and reasonable projection of the Debtors' future performance.

20.     I also assisted in the preparing the Liquidation Analysis.  As set forth in the Liquidation Analysis a liquidation of these Debtors under chapter 7 of the Bankruptcy Code would not provide a greater recovery for any holders of Claims or Equity Interests against the Debtors.  It is my opinion that the Liquidation Analysis was prepared in a reasonable manner, using supportable assumptions and logically consistent computations.  I also believe that the Liquidation Analysis constitutes a fair and reasonable valuation of the Debtors assets in a hypothetical liquidation.

I declare, under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge.

Executed on this 9th day of January, in Nashville, Tennessee.


_____
TRAVIS KONEMANN
Director of Finance