## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BACK YARD BURGERS, INC., *et al.*[1] | Case No. 12-12882 (PJW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 278** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER 11 U.S.C. § 1129(a) AND (b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3020 CONFIRMING THE MODIFIED FIRST AMENDED JOINT PLAN OF REORGANIZATION FOR BACK YARD BURGERS, INC., BYB PROPERTIES, INC., NASHVILLE BYB, LLC AND LITTLE ROCK BACK YARD BURGERS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Upon consideration of:

- the *First Amended Joint Plan of Reorganization For Back Yard Burgers, Inc., BYB Properties, Inc., Nashville BYB, LLC and Little Rock Back Yard Burgers, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 219] (as the same may be further amended, supplemented, or modified from time to time, the "**Plan**")[2] Filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") on December 6, 2012 and the Modified Plan filed on January 9, 2013;

- the *Amended Disclosure Statement with Respect to the First Amended Joint Plan of Reorganization For Back Yard Burgers, Inc., BYB Properties, Inc., Nashville BYB, LLC and Little Rock Back Yard Burgers, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 221] (including all exhibits thereto and as the same may be further amended, supplemented or modified from time to time, the "**Disclosure Statement**") Filed by the Debtors on December 6, 2012;[3]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Back Yard Burgers, Inc. (7163), BYB Properties, Inc. (9046), Nashville BYB, LLC (6507) and Little Rock Back Yard Burgers, Inc. (9133). The mailing address of the Debtors is: St. Clouds Building, 500 Church Street, Suite 200, Nashville, TN 37219.

[2] The Plan is incorporated by reference herein.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan, the Disclosure Statement, and/or the Disclosure Statement Order (as defined herein). Any capitalized term not defined in the Plan, the Disclosure Statement, the Disclosure Statement Order, or this Confirmation Order, but that is used in title 11 of the United States Code, as amended (the "**Bankruptcy Code**") or the Federal Rules of Bankruptcy Procedure

- the *Order (I) Approving the Disclosure Statement, (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan of Reorganization Proposed by the Debtors, and (III) Scheduling a Hearing to Consider Confirmation of the Plan of Reorganization of the Debtors and Establishing Notice and Objection Procedures in Respect Thereof* [Docket No. 217] dated December 5, 2012 (the **"Disclosure Statement Order"**);

- the *Affidavits of Service* dated December 12, 2012 [Docket Nos. 230-233] (the **"Solicitation Affidavits"**);

- the *Notice of Filing of Verification of Publication* dated December 14, 2012 [Docket No. 234] (the **"Publication Notice"**);

- the *Notice of Filing of Plan Supplement*, dated December 28, 2012 [Docket Nos. 257 and 258] and the *Notice Of Amendment To Plan Supplement, Including Schedule Of Contracts To Be Rejected And Schedule Of Cure Amounts For Contracts To Be Assumed Pursuant To Article VI Of The Plan* [Docket No. 285] (collectively the **"Plan Supplement"**);

- the *Declaration of Travis Konemann in Support of Confirmation of the First Amended Joint Plan of Reorganization For Back Yard Burgers, Inc., BYB Properties, Inc., Nashville BYB, LLC and Little Rock Back Yard Burgers, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 284] (the **"Declaration"**);

- the *Declaration of Catherine Nownes-Whitaker Re Analysis of Ballots for Accepting or Rejecting First Amended Joint Plan of Reorganization for Back Yard Burgers, Inc., BYB Properties, Inc., Nashville BYB, LLC and Little Rock Back Yard Burges, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 275] (the "**Voting Declaration**"), dated January 9, 2013;

- the *Debtors' Memorandum of Law in Support of the Debtors' Request for an Order Confirming the Debtors' Modified First Amended Joint Plan of Reorganization for Back Yard Burgers, Inc., BYB Properties, Inc., Nashville BYB, LLC and Little Rock Back Burgers, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 274] (the **"Confirmation Brief"**);

- all oral representations, arguments, testimony, documents, filings and evidence presented at or in connection with the hearing held on January 11, 2013 (the **"Confirmation Hearing"**) to consider confirmation of the Plan; and

---

(the **"Bankruptcy Rules"**), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

- the entire record of the Debtors' Chapter 11 Cases, as to which the Court takes judicial notice.

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party-in-interest to object to confirmation of the Plan have been adequate and appropriate, and the legal and factual bases set forth in the documents filed in support of Confirmation of the Plan and presented at the Confirmation Hearing, including but not limited to the Declaration, establish just cause for the relief granted herein, and after due deliberation thereon and good cause appearing therefor,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW:[4]

(A)    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). This Court has jurisdiction over the Debtors' chapter 11 cases (the **"Chapter 11 Cases"**) pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

(B)    Commencement and Joint Administration.    On October 17, 2012, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Each Debtor is authorized to continue operating its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and this Court's October 19, 2012 Order authorizing the joint

---

[4] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

administration of the Chapter 11 Cases [Docket No. 38]. An Official Committee of Unsecured Creditors (the **"Committee"**) was appointed on November 2, 2012.

(C)   <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases, including, but not limited to, the Confirmation Hearing.

(D)   <u>Burden of Proof</u>. The Debtors have met the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in the Bankruptcy Court. The Bankruptcy Court also finds that the Debtors have satisfied the elements of sections 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

(E)   <u>Transmittal and Mailing of Materials; Notice</u>. The Disclosure Statement and the Plan were transmitted and served in compliance with the Disclosure Statement Order, and the Bankruptcy Rules, and such transmittal and service was adequate and sufficient, and no other or further notice is or shall be required. All Holders of Claims and Equity Interests, and all other parties in interest, were duly given notice of, and an opportunity to be heard in connection with, the Plan, pursuant to and in satisfaction of the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, as evidenced by the Solicitation Affidavits and Publication Notice. The Publication Notice complied with the Disclosure Statement Order and all other applicable rules, laws, and regulations in all respects.

(F)   <u>Solicitation</u>. Solicitation of votes on the Plan was conducted in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and

3018, the Disclosure Statement and Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

(G)    Voting Declaration.    Prior to the Confirmation Hearing, the Debtors filed the Voting Declaration, certifying the method and results of Ballot tabulation for each of the Classes entitled to vote.  All procedures used to tabulate the Ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**), and all other applicable rules, laws, and regulations.

(H)    Classes Deemed to Have Accepted the Plan.    Classes 1-A (BYBI Other Priority Claims), 1-B (BYBP Other Priority Claims), 1-C (NBYP Other Priority Claims), 1-D (LRBYB Other Priority Claims), 3-A (BYBI Other Secured Claims), 3-B (BYBP Other Secured Claims), 3-C (NBYB Other Secured Claims), and 3-D (LRBYB Other Secured Claims) are Unimpaired and are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

(I)    Classes Deemed to Have Rejected the Plan.    Classes 5-A (BYBI Equity Interests), 5-B (BYBP Equity Interests), 5-C (NBYB Equity Interests), and 5-D (LRBYB Equity Interests) shall not receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

(J)    Classes Voting to Accept the Plan.    Classes 2-A (BYBI Senior Secured Claims), 2-B (BYBP Senior Secured Claims), 2-C (NBYB Senior Secured Claims), 2-D (LRBYB Senior Secured Claims), 4-A (BYBI General Unsecured Claims), and 4-D (LRBYB General Unsecured Claims) have voted to accept the Plan.

(K)    Classes Not Voting to Accept the Plan.    No Ballots were received in Classes 4-B (BYBP General Unsecured Claims) and  4-C (NBYB General Unsecured Claims).

(L)    Plan Supplement. To the extent applicable, the documents identified to be included in the Plan Supplement were filed as required and all other applicable orders, and federal, state, and local laws, rules and regulations (collectively, the **"Applicable Laws"**). Notice of the applicable Plan Supplement Documents was good and proper in accordance with the Bankruptcy Code, Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required. The Debtors are authorized to modify the Plan Supplement in accordance with the Plan.

(M)    Bankruptcy Rules 3016(a) and (b). The Plan is dated and identifies the entities submitting it as the Debtors, which term is defined in the Plan, thereby satisfying Bankruptcy Rule 3016(a). The Disclosure Statement was filed with the Clerk of the Bankruptcy Court, thereby satisfying Bankruptcy Rule 3016(b).

(N)    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(1)    Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to the Administrative Claims, Priority Tax Claims, and DIP Claims listed in Article III of the Plan, which need not be classified, the Plan designates twenty Classes of Claims and Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Equity Interests. Therefore, the Plan satisfies sections 1122 and 1123(a)(i) of the Bankruptcy Code.

(2)    <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Article III of the

Plan specifies that Classes 1-A (BYBI Other Priority Claims), 1-B (BYBP Other Priority Claims),

1-C (NBYB Other Priority Claims), 1-D (LRBYB Other Priority Claims), 3-A (BYBI Other

Secured Claims), 3-B (BYBP Other Secured Claims), 3-C (NBYB Other Secured Claims), and

3-D (LRBYB Other Secured Claims) are Unimpaired under the Plan, thereby satisfying section

1123(a)(2) of the Bankruptcy Code.

(3)    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article

III of the Plan designates Classes 2-A (BYBI Senior Secured Claims), 2-B (BYBP Senior Secured

Claims), 2-C (NBYB Senior Secured Claims), 2-D (LRBYB Senior Secured Claims), 4-A (BYBI

General Unsecured Claims), 4-B (BYBP General Unsecured Claims), 4-C (NBYB General

Unsecured Claims), 4-D (LRBYB General Unsecured Claims), 5-A (BYBI Equity Interests), 5-B

(BYBP Equity Interests), 5-C (NBYB Equity Interests), and 5-D (LRBYB Equity Interests) as

Impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby

satisfying section 1123(a)(3) of the Bankruptcy Code.

(4)    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same

treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the

Holder of a particular Claim or Equity Interest has agreed to less favorable treatment of such Claim

or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(5)    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan, including,

among other things, Article V of the Plan and the Plan Supplement, provide adequate and proper

means for the Plan's implementation.  In addition, the Debtors have Filed many of the documents

necessary to implement the Plan in the Plan Supplement.

(6)    No Issuance of Non-Voting Securities (11 U.S.C. § 1123(a)(6)). The Plan does not propose the issuance of nonvoting equity or other securities; accordingly the prohibition on issuance of nonvoting securities is inapplicable.

(7)    Designation of Directors (11 U.S.C. § 1123(a)(7)). As set forth in Section 5.06 of the Plan, and in the Plan Supplement, on the Effective Date, the New Board shall be comprised of the parties disclosed in the Plan Supplement, and therefore section 1123(a)(7) of the Bankruptcy Code is satisfied.

(8)    Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for: (a) Distributions to Holders of Allowed Claims; (b) the assumption or rejection of Executory Contracts and Unexpired Leases; (c) the retention of, and right to enforce, sue on, settle, or compromise Claims and/or Causes of Action; (d) resolution of Disputed Claims; (e) allowance of certain Claims; (f) certain exculpations and releases as set forth in Article XI of the Plan; (g) the various injunctions set forth in Article XI of the Plan; (h) the appointment of the Class 4 Representative; (i) the authorization and issuance of New Capital Stock; (j) entry by the Reorganized Debtor into the Restructured Senior Secured Loan Agreement; and (k) the vesting of all property and assets of the Debtors in the Reorganized Debtor; thereby satisfying section 1123(b) of the Bankruptcy Code.

(9)    Cure of Defaults (11 U.S.C. § 1123(d)). Section 6.03 of the Plan provides that any monetary amounts by which each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, solely by Cure. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

(O)    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).    The Debtors have complied with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. The Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121 of the Bankruptcy Code.

(P)    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).    The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases. The Debtors had and have authority to propose and implement the Plan. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates, and did not contravene section 1129(a)(3) of the Bankruptcy Code.

(Q)    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).    Any payment made or to be made by any of the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

(R)    Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).    The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. Sections 5.06 and 5.07 of the Plan specify that the initial officers and directors of the Reorganized Debtor shall be disclosed in the Plan Supplement, and these parties are so disclosed in the Plan Supplement.

(S)    No Rate Changes (11 U.S.C. § 1129(a)(6)).   Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

(T)    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).   The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.   The liquidation analysis attached as **Exhibit E** to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each Holder of an Impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

(U)    Acceptance of Certain Classes (11 U.S.C. § 1129(a)(8)).   Classes 1-A (BYBI Other Priority Claims), 1-B (BYBP Other Priority Claims), 1-C (NBYP Other Priority Claims), 1-D (LRBYB Other Priority Claims), 3-A (BYBI Other Secured Claims), 3-B (BYBP Other Secured Claims), 3-C (NBYB Other Secured Claims), and 3-D (LRBYB Other Secured Claims) are Classes of Unimpaired Claims that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code and therefore satisfy section 1129(a)(8) of the Bankruptcy Code.   Classes 2-A (BYBI Senior Secured Claims), 2-B (BYBP Senior Secured Claims), 2-C (NBYB Senior Secured Claims), 2-D (LRBYB Senior Secured Claims), 4-A (BYBI General Unsecured Claims), and 4-D (LRBYB General Unsecured Claims) have voted to accept the Plan, therefore section 1129(a)(8) is satisfied with respect to Classes 2-A, 2-B, 2-C, 2-D, 4-A and 4-D. Section 1129(a)(8) has not been satisfied with respect to Classes 4-B (BYBP General Unsecured Claims) and 4-C (NBYB General Unsecured Claims), for which no Ballots were received and

Classes 5-A (BYBI Equity Interests), 5-B (BYBP Equity Interests), 5-C (NBYB Equity Interests), and 5-D (LRBYB Equity Interests), which will not receive any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Nevertheless, the Plan is confirmable because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to each of these Classes as described below.

(V)     Treatment of Administrative, Priority Tax and Other Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims pursuant to Article III of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code, as all such Claims that are Allowed will be paid in full in Cash on or as soon as practicable after the Effective Date.

(W)     Acceptance By Impaired Classes (11 U.S.C. § 1129(a)(10)). As set forth in the Voting Declaration, Classes 2-A, 2-B, 2-C, 2-D, 4-A and 4-D have accepted the Plan. Accordingly, at least one Impaired Class has accepted the Plan, determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

(X)     Feasibility (11 U.S.C. § 1129(a)(11)). The Disclosure Statement, Plan, Plan Supplement, Confirmation Brief, the Declaration, Liquidation Analysis, and all evidence proffered, adduced, or presented at the Confirmation Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

(Y)    Payment of Fees (11 U.S.C. § 1129(a)(12)). The Plan provides that all fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code prior to the Effective Date shall be paid by the Debtors on or before the Effective Date.  On and after the Effective Date, the Reorganized Debtor(s) shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee.  The Plan further provides that obligation of each Debtor or Reorganized Debtor to pay quarterly fees to the Office of the U.S. Trustee pursuant to section 1930 of Title 28 of the U.S. Code shall continue until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.  Thus, the Plan satisfies Section 1129(a)(12).

(Z)    Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors have no obligations to provide any such retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

(AA)    Sections 1129(a)(14), 1129(a)(15) and 1129(a)(16).    The Debtors are not individuals, do not owe any domestic support obligations, and are not nonprofit corporations. Therefore, sections 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.

(BB)    Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)); Confirmation of Plan Over Nonacceptance of Certain Impaired Classes.  The classification and treatment of Claims and Equity Interests in the Plan is proper and complies with section 1122 of the Bankruptcy Code.  Based upon the evidence proffered, adduced, or presented by the Debtors at and in connection with the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to each Impaired Class, as required by section 1129(b)(1) of the Bankruptcy Code.

The Plan satisfies the "fair and equitable" requirement notwithstanding that (a) Classes 4-B and 4-C have failed to accept the Plan and (b) Classes 5-A, 5-B, 5-C, and 5-D are deemed to reject the Plan because:

(i)       Classes 4-B, 4-C are Impaired under the Plan and notwithstanding that certain Holders of Claims in Classes 4-B and 4-C have failed to vote to accept the Plan, confirmation of the Plan is appropriate because, among other things, with respect to Classes 4-B and 4-C, no Holder of a Claim or Equity Interest junior to the Claims of Classes 4-A, 4-B, 4-C, and 4-D will receive or retain any property under the Plan on account of such junior claim or interest and the Plan does not discriminate unfairly with respect to Classes 4-B and 4-C. Further, no Class of Claims senior to Classes 4-B and 4-C will receive more than the full Allowed amount of its Claims.  The treatment of Classes 4-B and 4-C satisfies the requirements of Bankruptcy Code section 1129; such treatment does not discriminate unfairly and is fair and equitable within the meaning of Bankruptcy Code section 1129(b)(2)(B).

(ii)       Equity Interests in Classes 5-A, 5-B, 5-C, and 5-D are Impaired under the Plan and will receive and retain no property under the Plan.  Classes 5-A, 5-B, 5-C, and 5-D therefore are deemed to reject the Plan.  Confirmation of the Plan, notwithstanding the deemed rejection of the Plan by Classes 5-A, 5-B, 5-C, and 5-D, is appropriate because, among other things, with respect to Classes 5-A, 5-B, 5-C, and 5-D, no holder of any interest that is junior such Classes will receive or retain any property under the Plan on account of such junior interests, as there are no Classes junior to Classes 5-A, 5-B, 5-C, and 5-D.  Further, no Class of Claims

senior to Classes 5-A, 5-B, 5-C, and 5-D will receive more than the full Allowed amount of its Claims. The treatment of Classes 5-A, 5-B, 5-C, and 5-D satisfies the requirements of Bankruptcy Code section 1129; such treatment does not discriminate unfairly and is fair and equitable within the meaning of Bankruptcy Code section 1129(b)(2)(C).

(CC)    Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

(DD)    Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Bankruptcy Court in these Chapter 11 Cases, the Released Parties have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, as applicable, the release and exculpation provisions set forth in Article XI of the Plan.

(EE)    Assumed Executory Contracts and Unexpired Leases. The Debtors have exercised their reasonable business judgment in determining which Executory Contracts and Unexpired Leases to assume and assign, as detailed in Article VI of the Plan.

(FF)    Rejected Contracts. The Debtors have exercised their reasonable business judgment in determining which Executory Contracts or Unexpired Leases the Debtors should reject pursuant to Section 6.05 of the Plan.

(GG)    Approval of Settlements and Compromises. Pursuant to section 363 of the Bankruptcy Code, Bankruptcy Rule 9019, and any Applicable Laws, and as consideration for the

distributions, transactions and other benefits provided under the Plan, all settlements and compromises of Claims and Equity Interests embodied in the Plan constitute good faith compromises and settlements of Claims and Equity Interests, and such compromises and settlements are fair, equitable, reasonable and appropriate in light of the relevant facts and circumstances underlying such compromises and settlements, and are in the best interests of the Debtors, their Estates and Holders of Claims and Equity Interests.

(HH)    Rule 54(b) Judgment.  To the extent Rule 54(b) of the Federal Rules of Civil Procedure (as incorporated by Bankruptcy Rule 7054 made applicable to this proceeding pursuant to Bankruptcy Rule 9014) is or may be applicable, there is no just reason for delay of entry of a separate and final judgment confirming the Plan pursuant to section 1129 of the Bankruptcy Code with respect to each of the Debtors.

(II)    Satisfaction of Confirmation Requirements.  The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

(JJ)    Retention of Jurisdiction.  The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Notice.    Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and complied with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2.    Confirmation.    The Plan, including the Plan Supplement, and all other documents and agreements necessary to implement the Plan, are approved and confirmed under section 1129 of the Bankruptcy Code.

3.    Record Closed.  The record of the Confirmation Hearing is closed.

4.    Objections.  All Objections to Confirmation of the Plan that have not been withdrawn, waived, or settled are hereby overruled on the merits.

5.    Plan Classification Controlling.  The classifications of Claims and Equity Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan.

6.    Binding Effect.  Upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall immediately be effective and enforceable and deemed binding upon the Debtors, the Committee, the Reorganized Debtor, the Class 4 Representative, and any Entity or Person acquiring or receiving property or a Distribution under the Plan and any Holder of a Claim against or Equity Interest in the Debtors, including all Governmental Authorities, whether or not the Claim or Equity Interest of such Holder is Impaired under the Plan, whether or not the Claim or Equity Interest is Allowed and, to the fullest extent under applicable law, whether or not such Holder or Entity has accepted the Plan.  The rights, benefits and obligations of any Entity named or referred to in the Plan or the Plan Supplement shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign, if any, of such Entities.

7.    Objection to Claims.  Except insofar as a Claim is Allowed under the Plan, the Reorganized Debtor or Committee, as applicable, shall be entitled to object to Claims.  Any objection to Claims shall be served and filed on or before the latest of (a) one hundred eighty (180) days after the Effective Date, or (b) such later date as may be fixed by the Bankruptcy Court.

8.    Disputed Claims.  On and after the Effective Date, except as otherwise provided herein, all Allowed Claims shall be paid in accordance with the Plan.  If the Reorganized

Debtor or Committee dispute any Claim, such dispute shall be determined, resolved or adjudicated, in accordance with Article VIII of the Plan.

       9.    <u>Disputed Claims Reserve</u>.  On each Distribution Date, after consultation with the Creditors' Committee or Class 4 Representative, as applicable, the Reorganized Debtor shall withhold on a Pro Rata basis from Cash that would otherwise be distributed to Holders of Class 4 Claims under the Plan on such date, in a separate Disputed Claims Reserve, such amounts as may be necessary to equal one hundred percent (100%) of Distributions to which Holders of Disputed Claims would be entitled under the Plan if such Disputed Claims were allowed in their Disputed Claims Amount.  If practicable, the Debtors or Reorganized Debtor will invest any Cash that is withheld as the Disputed Claims Reserve in an appropriate manner to ensure the safety of the investment; however, nothing in the Plan or the Disclosure Statement shall be deemed to entitle the Holder of a Disputed Claim to postpetition interest on such Claim.

       10.    <u>Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. §1123(b)(2))</u>.  This Confirmation Order shall constitute an Order of the Bankruptcy Court approving the assumption and assignment or rejection of Executory Contracts and Unexpired Leases detailed in Article VI of the Plan and the Plan Supplement.  As set forth in the Plan Supplement, any and all Executory Contracts and Unexpired Leases to which any of the Debtors were a party as of the Petition Date, other than (a) those listed on Exhibit 6 "Schedule Of Cure Amounts For Assumed Contracts And Leases," as amended, or (b) contracts and leases which have previously been assumed, are Rejected.

       11.    <u>Leases with Realty Income Corporation</u>.  With respect to the five leases of Realty Income Corporation (Realty Income) to be assumed pursuant to the Plan (Store 12, Memphis, TN; Store 14, Germantown, TN; Store 22, Southaven, MS; Store 23, Olive Branch, MS;

Store 42, Collierville, TN; collectively, the "RI Leases"), the Debtor agrees that it will not seek to reject the RI Leases after entry of the Confirmation Order. Further, the Debtor agrees that it will pay any cure amounts for the RI Leases as agreed to by the Debtors or Reorganized Debtor and Realty Income or, in the event the parties can not reach an agreement, as determined by the court, within five business days of the later of the Effective Date or such agreement or determination. Additionally, nothing in the Plan or Confirmation Order shall cut off or reduce the liability of the Debtor/Reorganized Debtor for obligations due under the RI Leases arising in the ordinary course of business, regardless of whether those obligations relate to the period prior to the Confirmation Date or the Petition Date, including, without limitation, lease obligations for taxes, insurance, common-area maintenance (CAM), year-end adjustments, indemnification or any other lease obligations currently unknown or unbilled as of the date of this Confirmation Order. Finally, with respect to the leases for Store 12 in Memphis, TN and Store 14 in Germantown, TN, the Debtor is authorized to assume the leases as amended by the lease amendments entered into by the Debtor and Realty Income, which amendments are hereby approved.

12.    Bar Date for Rejection Damage Claims. If the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Debtor, its Estate, the Reorganized Debtor or any of its properties unless a Proof of Claim is Filed with the Claims Agent and served upon counsel to the Reorganized Debtor within thirty (30) days after service of notice of entry of the Confirmation Order. The foregoing applies only to Claims arising from the rejection of an Executory Contract or Unexpired Lease; any other Claims held by a party to a rejected contract or lease must have been evidenced by a Proof of Claim Filed by the Administrative Claims Bar Date or Bar Date, as applicable, or shall be barred and unenforceable.

13.    <u>General Authorizations</u>.    All documents and agreements necessary to implement the Plan, including, without limitation, those contained in the Plan Supplement, which are incorporated into and are a part of the Plan, and all other relevant and necessary documents and agreements are in the best interests of the Debtors, the Estates and the Holders of Claims and Equity Interests and have been negotiated in good faith and at arm's-length.  The Debtors have exercised reasonable business judgment in determining to enter into all such documents and agreements and has provided sufficient and adequate notice of such documents and agreements to parties in interest.  The Debtors and Reorganized Debtor are authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the transactions contemplated by and the terms and conditions of the Plan on and after the Effective Date, in each case without the need for any further authorizations by any executive committees, boards of directors or others, and without the need for any other actions or approvals that might be required under any limited liability company agreement, articles of incorporation, bylaws or similar governance document for any Debtor.  The Debtors and the Reorganized Debtor, and their respective directors, officers, members, agents, attorneys and any other authorized representatives are authorized and empowered to issue, execute, deliver, file, or record any agreement, document, or security, including, without limitation, the documents contained in the Plan Supplement, as modified, amended, and supplemented, in substantially the form included therein, and to take any action necessary or appropriate to implement, effectuate, and consummate the Plan and the transactions contemplated thereby in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, and any release, amendment, or restatement of any bylaws, certificates of incorporation, or other organization documents of the

Debtors, whether or not specifically referred to in the Plan or the Plan Supplement, without further

order of the Court or any other authorization other than this Confirmation Order, and any and all

such actions taken by one or more Debtors shall be binding on every Debtor, and any or all such

documents shall be accepted by each of the respective state filing offices and recorded in

accordance with applicable state law and shall become effective in accordance with their terms and

the provisions of state law.

      14.    <u>Appointment of the Class 4 Representative</u>.  On the Effective Date, Richard

Grasso of Ben E. Keith Company shall be appointed as the Class 4 Representative.

      15.    <u>Cancellation of Existing Notes, and Agreements</u>.  Except as otherwise

provided for in the Plan, or in any contract, instrument or other agreement or document created in

connection with the Plan, on the Effective Date and concurrently with the applicable Distributions

made pursuant to Article III through Article VI of the Plan, the Equity Interests and any other

promissory notes, share certificates, whether for preferred or common stock (including treasury

stock), other instruments evidencing any Claims or Equity Interests, other than a Claim that is

being Reinstated and rendered Unimpaired, and all options, warrants, calls, rights, puts, awards,

commitments or any other agreements of any character to acquire such Equity Interests shall be

deemed canceled and of no further force and effect, without any further act or action under any

applicable agreement, law, regulation, order or rule, and the obligations of the Debtors under the

notes, share certificates and other agreements and instruments governing such Claims and Equity

Interests shall be discharged.  The Holders of or parties to such canceled notes, shares, share

certificates and other agreements and instruments shall have no rights arising from or relating to

such notes, shares, share certificates and other agreements and instruments or the cancellation

thereof, except the rights provided pursuant to the Plan.

16.    <u>Reorganized Debtor's Obligations Under the Plan</u>.  From and after the Effective Date, the Reorganized Debtor shall exercise its reasonable discretion and business judgment to perform its obligations under the Plan.  The Plan will be administered and actions will be taken in the name of the Debtors and the Reorganized Debtor.  From and after the Effective Date, the Reorganized Debtor shall conduct, among other things, the following tasks:

(a)    administer the Plan and take all steps and execute all instruments and documents necessary to effectuate the Plan and make all Distributions under the Plan, including the Earn Out Distributions on the Earn Out Distribution Dates;

(b)    pursue (including, as it determines through the exercise of its business judgment, prosecuting, enforcing, objecting to, litigating, reconciling, settling, abandoning, and resolving) all of the rights, Claims, Causes of Action, defenses, and counterclaims retained by the Debtors or the Reorganized Debtor;

(c)    reconcile Claims and resolve Disputed Claims, and administer the Claims allowance and disallowance processes as set forth in the Plan, including objecting to, prosecuting, litigating, reconciling, settling, and resolving Claims and Disputed Claims in accordance with the Plan;

(d)    make decisions regarding the retention, engagement, payment, and replacement of professionals, employees and consultants;

(e)    administer the Distributions under the Plan, including (i) making Distributions in accordance with the terms of the Plan, and (ii) Filing with the Bankruptcy Court on each six (6)-month anniversary of the Effective Date reports regarding the Distributions made and to be made to the Holders of Allowed Claims;

(f)    exercise such other powers as necessary or prudent to carry out the provisions of the Plan;

(g)    file appropriate tax returns;

(h)    file a motion requesting the Bankruptcy Court enter a final decree closing the Chapter 11 Cases; and

(i)    take such other action as may be necessary or appropriate to effectuate the Plan.

17.    <u>Tennessee Department of Revenue.</u>  In the event that the Debtor or Reorganized Debtor chooses pursuant to section 3.01(b) of the Plan to pay any Allowed Priority Tax Claim of the Tennessee Department of Revenue over a period ending no later than five (5)

years from the Petition Date pursuant to section 1129(a)(9)(C) of the Bankruptcy Code, the Debtor

and Reorganized Debtor agree that such payment will be in quarterly installments beginning on or

as soon as is reasonably practicable after the later of (a) the Effective Date and (b) the date on

which such Claim is an Allowed Claim.

18.     Notwithstanding anything to the contrary in the Plan, the Bankruptcy Courts

shall not retain jurisdiction with respect to any Priority Tax Claims of the Tennessee Department

of Revenue, except for (i) resolving the amount of any Claims arising prior to confirmation, and

(ii) enforcing the discharge provisions of the Plan.    In the event the Debtor and/or Reorganized

Debtor (a) fails to make payment(s) to the Tennessee Department of Revenue on account of an

Allowed Priority Tax Claim related to a  state tax pursuant to the terms of the Plan or this Order

and (b) fail(s) to cure such failure within ten (10) days after receipt of written notice of default

from the Stage claimant(s), then the Tennessee Department of Revenue may (a) enforce the entire

amount of its Allowed Priority Tax Claim; (b) exercise any and all rights and remedies such

claimant may have under the applicable nonbankruptcy law, and/or (c) seek such relief as may be

appropriate by this Court.

19.     Plan Modifications.  The modifications made to the Plan since the version

transmitted with the Disclosure Statement do not materially affect the way any Claim or Equity

Interest Holder is treated under the Plan.  Therefore, any holder of a claim or interest that has

accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as

modified.

20.     Effective Date Transactions.  Based upon the record of the Chapter 11

Cases, the transactions contemplated by Article V of the Plan are hereby authorized and approved

without the need for any further corporate action.

21. _Securities Laws Exemption_. The issuance of any security pursuant to the Plan shall be exempt from any securities laws registration requirements to the fullest extent permitted by section 1145 of the Bankruptcy Code.

22. _Governmental Approvals Not Required_. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other Governmental Authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

23. _Filing and Recording_. This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.

24. _Exemption From Certain Taxes_. Pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other lien, mortgage, deed of trust or other security interest, or (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of or in connection with the Plan or the sale or transfer of any assets of the Debtors or their Estates, and any deeds, bills of sale or assignments executed in connection with the Plan, or the Confirmation Order, shall not be subject

to any stamp tax, transfer tax, intangible tax, recording fee, or similar tax, charge or expense to the full extent provided for or allowed under section 1146(a) of the Bankruptcy Code.

        25.   <u>Administrative Claims</u>. All Administrative Claims (other than as set forth in Sections 3.01(a), 12.01, or 12.02 of the Plan) must be made by application Filed with the Bankruptcy Court and served on counsel for the Reorganized Debtor **no later than forty-five (45) days after the Effective Date** or their Administrative Claims shall be forever barred. In the event that the Reorganized Debtor objects to an Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. Notwithstanding the foregoing no application seeking payment of an Administrative Claim need be Filed with respect to an undisputed postpetition obligation which was paid or is payable by the Debtors in the ordinary course of their businesses; <u>provided, however</u>, that in no event shall a postpetition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; and (c) no application seeking payment of an Administrative Claim need be Filed with respect to Cure owing under an Executory Contract or Unexpired Lease if the amount of Cure is fixed or proposed to be fixed by order of the Bankruptcy Court pursuant to a motion to assume and fix the amount of Cure Filed by the Debtors and a timely objection asserting an increased amount of Cure Filed by the non-Debtors party to the subject contract or lease; provided further, however, that postpetition statutory tax claims shall not be subject to the Administrative Claims Bar Date. With respect to Administrative Claims, the last day

for Filing an objection to any Administrative Claim will be the later of (a) 180 days after the Effective Date, (b) 90 days after the filing of such Administrative Claim or (c) such other date specified in the Plan or ordered by the Bankruptcy Court

26.    Professional Fee Claims.  All final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application Filed with the Bankruptcy Court and served on the Reorganized Debtor, its counsel, counsel to the Creditors' Committee, and other necessary parties-in-interest no later than sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be Filed and served on the Reorganized Debtor, its counsel, counsel to the Creditors' Committee and the requesting Professional or other Entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application was served.    The Reorganized Debtor may, without application to or approval by the Bankruptcy Court, retain professionals and pay reasonable professional fees and expenses in connection with services rendered to it after the Effective Date.

27.    Statutory Fees.  All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code prior to the Effective Date shall be paid by the Debtors on or before the Effective Date.  On and after the Effective Date, the Reorganized Debtor(s) shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee.  The obligation of each Debtor or Reorganized Debtor to pay quarterly fees to the Office of the U.S. Trustee pursuant to section 1930 of Title 28 of the U.S. Code shall continue until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.

28.    Settlements.  Any and all compromises or settlements reflected in the Plan, including the Plan Supplement, are hereby approved.

29.    Distributions.  Except as otherwise specifically provided in the Plan, the distributions, rights and treatments that are provided in the Plan shall be in full and complete satisfaction, discharge and release in accordance with the Plan.  Distributions received under the Plan are in exchange for fair and reasonably equivalent value and do not constitute a fraudulent conveyance or transfer and are not otherwise avoidable under any provision of the Bankruptcy Code or applicable non-bankruptcy law.

30.    Discharge.  Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release, effective as of the Effective Date, of all Claims, Equity Interests and Causes of Action of any nature whatsoever, including any interest accrued on such Claims or Equity Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Equity Interests in, the Debtors or any of its assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims and Equity Interests, including demands, liabilities and Causes of Action that arose before the Effective Date, and all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (i) a Proof of Claim based upon such debt is Filed or deemed Filed under section 501 of the Bankruptcy Code, (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (iii) a Claim based upon such debt is or has been Disallowed by order of the Bankruptcy Court, or (iv) the Holder of a Claim based upon such debt accepted the Plan.  The Plan shall bind all Holders of Claims and

Equity Interests, notwithstanding whether any such Holders failed to vote to accept or reject the Plan or voted to reject the Plan.

31.    As of the Effective Date, except as provided in the Plan or the Confirmation Order, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtor or any of their assets or properties, any other or further Claims, Equity Interests, debts, rights, Causes of Action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date.   In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination, as of the Effective Date, of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Equity Interests, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Equity Interest.

32.    <u>Releases, Exculpation, Injunction and Related Provisions</u>.   It is hereby ordered that the Bankruptcy Court approves of and grants the following releases, exculpations, injunctions and related provisions of the Plan:

(a)    **Releases and Satisfaction of Subordination Rights**

**All Claims against the Debtors and all rights and claims between or among the Holders of Claims relating in any manner whatsoever to any claimed subordination rights shall be deemed satisfied by the Distributions under, described in, contemplated by, and/or implemented in Article III of the Plan. Distributions under, described in, contemplated by, and/or implemented by the Plan to the various Classes of Claims or Equity Interests hereunder shall not be subject to levy, garnishment, attachment, or like legal process by any Holder of a Claim or Equity Interest by reason of any claimed subordination rights or otherwise, so that each Holder of a Claim or Equity Interest shall have and receive the benefit of the Distributions in the manner set forth in the Plan.**

(b)    **Releases by Debtors**

In addition to any other release, Injunction or Exculpation set forth in the Plan or Order of the Court, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtor, and any Person or Entity seeking to exercise the rights of the Debtors' Estates, including, without limitation, any successor to the Debtors or any Estate's representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge each of the Debtor Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action (including Avoidance Actions), and  liabilities whatsoever in connection with or  in any way relating to the Debtors, the conduct of the Debtors' businesses, the Chapter 11 Cases, the Disclosure Statement or the Plan <u>(other than the rights of the Debtors, the Reorganized Debtor, or a Creditor holding an Allowed Claim to enforce the obligations under the Confirmation Order and the Plan and the contracts, instruments, releases, and other agreements or documents delivered thereunder)</u> whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date; <u>provided</u>, <u>however</u>, that nothing in Section 11.01(b) of the Plan:

> shall be deemed to prohibit the Reorganized Debtor from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, Causes of Action or liabilities they may have against any employee (including directors and officers) for alleged breach of confidentiality, or any other contractual obligations owed to the Debtors or the Reorganized Debtor, including non-compete and related agreements or obligations;

> constitutes a waiver of any right of the Reorganized Debtor to: (x) enforce all rights and claims concerning any and all intellectual property (including, without limitation, trademarks, copyrights, patents, customer lists, trade secrets and confidential or proprietary business information), all of which rights are expressly reserved and not released and (y) assert any defense based on whether or not applicable standards have been met; or

> shall operate as a release, waiver or discharge of any Causes of Action or liabilities unknown to the Debtors as of the Petition Date arising out of willful misconduct, fraud or criminal acts of any such Debtor Released Party as determined by a Final Order.

    (c)    Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Holders of Claims against the Debtors and the Reorganized Debtor who vote to accept the Plan shall be deemed to forever release, waive, and discharge each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action (including Avoidance Actions), and  liabilities whatsoever in connection with or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the conduct of the Debtors'

business, these Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any Released Party and the Debtor, the restructuring of Claims and Equity Interests prior to or in these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, other than Claims or liabilities arising out of or relating to any act or omission of the Debtors, the Reorganized Debtor, or a Released Party that constitutes a failure to perform the duty to act in good faith, with the care of an ordinarily prudent person and in a manner the Debtor, the Reorganized Debtor, or the Released Party reasonably believed to be in the best interests of the Debtors (to the extent such duty is imposed by applicable non-bankruptcy law) where such failure to perform constitutes willful misconduct or gross negligence; provided, however, that nothing in the Plan shall be deemed to prohibit any party from asserting or enforcing any direct contractual obligation against any Released Party, with all rights and defenses to such claims being reserved by the Released Party or enforcing any obligations to such party under the Confirmation Order, the Plan, or any contract, instrument, release, or other agreements or documents delivered thereunder.

(d)     **Injunction**

(a)     Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim, Equity Interest or other debt or liability that is discharged pursuant to Section 11.11 of the Plan, released pursuant to Section 11.10 of the Plan, or subject to exculpation pursuant to Section 11.13 of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtor, the Creditors' Committee, the Class 4 Representative or their property on account of any such discharged Claims, debts, or liabilities or terminated Equity Interests or rights:  (i) commencing or continuing, in any manner or in any place, any action or other proceeding of any kind; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtors, the Reorganized Debtor or its property; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a right of setoff, recoupment or subrogation of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtor (provided that a party may assert as a defense a setoff or recoupment that was reflected on a Filed proof of claim which has not been Disallowed in response to a claim asserted against them by the Debtors); or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)     Without limiting the effect of the foregoing provisions of this Section 11.05 upon any Person, by accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim or Equity Interest receiving a Distribution pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 11.05.

(c)     **Nothing in this Section 11.05 shall impair (i) the rights of any Holder of a Disputed Claim to establish its Claim in response to an objection Filed by the Debtors or the Reorganized Debtor, (ii) the rights of any defendant in an Avoidance Action Filed by the Debtors to assert defenses in such action, or (iii) the rights of any party to an Executory Contract or Unexpired Lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.**

(e)     **Exculpation**

**On and after the Effective Date, the Exculpated Parties shall neither have, nor incur any liability to any Holder of a Claim or an Equity Interest, the Debtors, the Reorganized Debtor, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, these Chapter 11 Cases, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, or the Distributions under the Plan, except for acts or omissions that are the result of fraud, gross negligence, or willful misconduct; provided further, however, that the foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law; provided further, that the foregoing exculpation shall not be deemed to, release, affect, or limit any of the rights and obligations of the Exculpated Parties from, or exculpate the Exculpated Parties with respect to, any of the Exculpated Parties' obligations or covenants arising pursuant to the Plan or the Confirmation Order.**

33.     Term of Injunctions and Automatic Stay.  Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays provided for in these Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order), shall remain in full force and effect until the Effective Date.

34.     Preservation of Setoff and Recoupment Rights.  Notwithstanding any provision to the contrary in the Plan, this Confirmation Order, and any documents implementing the Plan, nothing shall bar any Creditor (including the United States) from asserting its setoff or recoupment rights to the extent permitted under section 553 or any other applicable provision of the Bankruptcy Code.

35.    <u>No Res Judicata Effect</u>. The entry of this Confirmation Order shall not have any res judicata or other preclusive effect with respect to any Causes of Action that are not specifically and expressly released by the terms of the Plan, and the entry of this Confirmation Order shall not be deemed a bar to asserting such Causes of Action.

36.    <u>Nonoccurrence of Effective Date</u>. If the Confirmation Order is vacated, (a) the Plan shall be null and void in all respects; (b) any settlement of Claims or Equity Interests provided for hereby shall be null and void without further order of the Bankruptcy Court; and (c) to the extent permitted under the Bankruptcy Code, the time within which the Debtors may assume and assign or reject all Executory Contracts and Unexpired Leases shall be extended for a period of one hundred twenty (120) days after the date the Confirmation Order is vacated.

37.    <u>Notice of Entry of Confirmation Order and Effective Date</u>. Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) Business Day following the Effective Date, the Debtors or the Reorganized Debtor shall electronically file with the Court and serve notice of entry of this Confirmation Order and occurrence of the Effective Date by causing notice of entry of the Confirmation Order and occurrence of the Effective Date to be delivered by email or first-class mail, postage prepaid, to all parties having been served with the Disclosure Statement Order. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

38.    <u>Authorization to Consummate</u>. The entry of this Confirmation Order shall constitute authorization for the Debtors', Reorganized Debtor, the Committee, and direction for the Debtors, Reorganized Debtor, and the Committee to take or cause to be taken all corporate or other actions necessary or appropriate to consummate and implement the provisions of the Plan prior to, on and after the Effective Date, and all such actions taken or caused to be taken shall be

deemed to have been authorized and approved by the Bankruptcy Court. On the Effective Date, all necessary corporate action by the Debtors or Reorganized Debtor shall be deemed to have occurred. All such actions shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the partners, members, stockholders, administrators, agents, officers or directors of the Debtors or Reorganized Debtor.

39.    Applicable Non-Bankruptcy Law. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, the Plan Supplement, and all other documents and agreements necessary to implement the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

40.    Final Order. This Confirmation Order is a final order and the period in which any appeal must be filed shall commence immediately upon the entry hereof.

41.    Severability. Each term and provision of the Plan, as it may have been altered or interpreted by the Bankruptcy Court, is valid and enforceable pursuant to its terms.

42.    Reference to Plan Provisions. The Plan is confirmed in its entirety as to each Debtor and is hereby incorporated into this Confirmation Order by reference (subject to any provision incorporated by such reference being governed by an express and contradictory provision herein). The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect and enforceability as if fully set forth in this Confirmation Order.

43.     Headings.  Headings utilized in this Confirmation Order are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

44.     Conflicts Between Order and Plan.   To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of this Court.

45.     Stay of Confirmation Order.   The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order is hereby waived.  This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

46.     Separate Confirmation Orders.   This Confirmation Order is and shall be deemed a separate and final Confirmation Order with respect to each of the Debtors in each Debtors' Chapter 11 Cases for all purposes.  The Clerk of the Court is directed to file and docket this Confirmation Order in the Chapter 11 Case of each of the Debtors.

Dated: _____ , 2013
       Wilmington, Delaware

_____
Honorable Peter J. Walsh
United States Bankruptcy Judge